Jose Klein, OSB No. 083845
jose@kleinmunsinger.com
Damien Munsinger, OSB No. 124022
damien@kleinmunsinger.com
KLEIN MUNSINGER LLC
1215 SE 8th Ave Ste F
Portland, OR 97214-3497
(503) 568-1078
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Christopher Clark, an individual, <br><br> Plaintiff, <br><br> v. <br><br> Willamette Neuromonitoring, LLC, an Oregon Domestic Limited Liability Company; Joseph Stapleton, an individual; and Eric Christian, an individual. <br><br> Defendants. | Case No. 3:23-cv-00114 <br><br> **COMPLAINT** <br><br> 1. FLSA Failure to Pay Minimum Wage, 29 U.S.C. § 206; FLSA Failure to Pay Overtime, 29 U.S.C. § 207 FLSA Liquidated Damages, 29 U.S.C. § 216; <br> 2. Failure to Pay Wages; Oregon Penalty Wages, ORS 652.140; ORS 652.150; ORS 563.025 ORS 563.055; <br> 3. Breach of Employment Contract; <br> 4. Individual Liability and Piercing the Corporate Veil. <br><br> DEMAND FOR JURY TRIAL |

## I. NATURE OF THE ACTION

1. This is an action for unpaid wages. Plaintiff Christopher Clark worked for Defendants as the Clinical Director. Defendants unlawfully treated Plaintiff as an independent contractor, and later stopped paying him wages all together. Ultimately, after two months of working without receiving any compensation at all, Plaintiff was forced to quit.

## II. JURISDICTION

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

## III. PARTIES

4. Plaintiff Chrisoper Clark ("Plaintiff") is an individual resident of Clackamas County, State of Oregon. From July 2017 until his departure in August 2022, Plaintiff was employed by Defendant Willamette Neuromonitoring, LLC. At all relevant times, Plaintiff was and is a Certified Neurophysiological Intraoperative Monitor.

5. Defendant Willamette Neuromonitoring, LLC ("Willamette") is an inactive domestic limited liability corporation organized under the laws of the state of Oregon engaged in the practice of neurophysiological monitoring. At all material

times, Defendant Willamette was an "employer" within the meaning of 29 U.S.C § 203(d); ORS § 653.010; and ORS § 652.310.

6. Defendant Dr. Joseph Stapleton ("Stapleton") was, and is now, a resident of Clackamas County, State of Oregon. Stapleton is a medical doctor. At all material times herein, Stapleton was a member manager of Willamette and was an "employer" within the meaning of 29 U.S.C § 203(d); ORS § 653.010; and ORS § 652.310.

7. Defendant Eric Christian ("Christian") was, and is now, a resident of Dallas County, State of Texas. At all material times herein, Christian was a member manager of Defendant Willamette Neuromonitoring and was an "employer" within the meaning of 29 U.S.C § 203(d); ORS § 653.010; and ORS § 652.310.

### IV.    FACTUAL ALLEGATIONS

8. In July 2017, Plaintiff was hired by Defendants Stapleton and Christian through an LLC that they had created, JSEC Monitoring. Plaintiff worked as a medical technologist.

9. In or around October of 2019, Defendants Stapleton and Christian transferred Plaintiff's employment to a different company that they owned and controlled, Defendant Willamette.

10. At all times material herein, Plaintiff worked for Defendants without a written agreement between the parties. Defendants directed and controlled all aspects of Plaintiff's position, including but not limited to, setting his schedule, hours, wage, and tasks. Defendants employed Plaintiff for the benefit of Defendants and their

clients. Plaintiff's position was integral to the services provided at Defendant Willamette and was for an indefinite duration. In executing his professional duties, Plaintiff exclusively used equipment owned and controlled by Defendants.

11. Despite Plaintiff's status as an employee, Defendants failed to pay their required portions of payroll taxes, including Social Security and Medicare contributions. Plaintiff was forced to assume these responsibilities.

12. Beginning on or around May 31, 2022, Defendants failed to pay Plaintiff for all earned wages. Despite their lack of payment, Defendants suffered and permitted Plaintiff to work for an additional two months.

13. From the end of May 2022 and until the start of August 2022, Plaintiff requested payment of earned wages from Defendants. All of Plaintiff's efforts were unsuccessful.

14. On or around August 1, 2022, Plaintiff left his position at Defendant Willamette due to its failure to pay earned wages.

15. On or around August 8, 2022, Defendant Christian emailed Plaintiff and acknowledged Defendants' failure to pay wages.

16. On or around August 12, 2022, Defendant Stapleton emailed Plaintiff and again acknowledged Defendants' failure to pay wages.

17. Despite multiple written acknowledgements and promises of payment, Defendants still failed to pay Plaintiff for any and all owed wages from May 31, 2022 through August 1, 2022.

18. On or around October 4, 2022, Plaintiff emailed Defendants again requesting earned and unpaid wages.

19. On or around October 13, 2022, Defendants Chritian and Stapleton administratively dissolved Defendant Willamette.

20. As of the filing of this Complaint, despite Defendant's knowledge of Plaintiff's claims against them, Plaintiff has not received notice of the dissolution of Defendant Willamette.

21. On December 12, 2022, Plaintiff, through counsel, made a written demand for payment of wages. In the demand, Plaintiff notified Defendants that he would bring a claim for unpaid wages and related statutory penalties.

22. As of the filing of this Complaint, Defendants have not paid any additional wages to Plaintiff and have not paid statutory penalties for late payment of wages.

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*)**

Count 1

**Failure to Pay Minimum Wages (29 U.S.C. § 206)**

Against All Defendants

23. Plaintiff realleges and incorporates each paragraph above as though fully set forth herein.

24. The total revenue of Defendants' business exceeded $500,000.00 in each relevant year, and Defendants are thus subject to the provisions of the FLSA, 29 U.S.C. § 201 *et seq*.

25. Plaintiff engaged in interstate commerce in the performance of his duties as an employee of Defendants and Defendants are therefore subject to the provisions of the FLSA, 29 U.S.C. § 201 *et seq*.

26. For the period of May 31, 2022 through August 1, 2022, Defendants suffered and permitted Plaintiff to work for Willamette. During that time, Defendants did not pay Plaintiff any wages.

27. Defendants have violated Section 6 of the FLSA, 29 U.S.C. § 206 by employing Plaintiff in an enterprise engaged in commerce without compensating him.

28. The total amount owed in unpaid minimum wage is estimated to be not less than $7,316 or such sum as may be established at trial.

29. Plaintiff further is entitled to liquidated damages, reasonable attorney fees, reasonable expert witness fees, and costs incurred pursuant to 29 U.S.C. § 216.

## Count 2

### Failure to Pay Overtime (29 U.S.C. § 207)

### Against All Defendants

30. Plaintiff realleges and incorporates each paragraph above as though fully set forth herein.

31. For the previous three years, Defendants regularly suffered and permitted Plaintiff to work in excess of 40 hours in a given work week. During that time, Plaintiff reasonably estimates that he worked a total of 4,500 hours in excess of 40 hours in a given work week. Plaintiff's effective hourly rate was $72.46. Defendants did not pay any overtime for Plaintiff's work. The total amount owed in unpaid overtime is estimated to be not less than $163,035.00, or such sum as may be established at trial.

32. Plaintiff further is entitled to liquidated damages, reasonable attorney fees, reasonable expert witness fees, and costs incurred pursuant to 29 U.S.C. § 216.

### Count 3

### Liquidated Damages (29 U.S.C. § 216(b))

### Against All Defendants

33. Plaintiff realleges and incorporates each paragraph above as though fully set forth herein.

34. Defendants have violated 29 U.S.C. §§ 206, 207 by failing to pay Plaintiff minimum wages and overtime.

35. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to his unpaid wages under 29 U.S.C. § 216(b), as well as his reasonable attorney fees and costs incurred.

### SECOND CLAIM FOR RELIEF

### Violations of Oregon Wage Laws

### Failure to Pay Wages at Termination (ORS § 652.140)

**Against All Defendants**

36. Plaintiff realleges and incorporates each paragraph above as though fully set forth herein.

37. The facts set forth above establish that Defendants willfully failed to pay Plaintiff all earned wages by the end of the fifth business day after the termination of Plaintiff's employment.

38. Plaintiff gave written notice of nonpayment to Defendants and included an allegation of facts sufficient to estimate the amount owed based on the information available to Plaintiff at the time of his notice.

39. Defendants did not pay the full amount of Plaintiff's unpaid wages within 12 days after receiving Plaintiff's written notice of nonpayment.

40. As of the filing of this action, wages remain unpaid in an amount to be determined at trial but estimated to be not less than $21,760.00.

41. Plaintiff's compensation at the time of termination was $150,000.00 annually for a 5-day workweek, equivalent to an effective hourly rate of $72.46.

42. Pursuant to ORS 652.140 and ORS 652.150, Plaintiff is entitled to an award of unpaid wages and penalty wages in the amount of $39,150.00 for Defendants' failure to timely pay all wages at termination.

43. Additionally, Plaintiff has suffered consequential damages flowing from Defendants' failure to pay their required portions of payroll taxes, including Social Security and Medicare contributions.

44. Pursuant to ORS 652.200(2), Plaintiff is entitled to an award of reasonable attorney fees and costs incurred in filing this action and litigating this claim.

### THIRD CLAIM FOR RELIEF

### Breach of Contract

### Against All Defendants

45. Plaintiff realleges and incorporates each paragraph above as though fully set forth herein.

46. All actions by Defendant Willamette's employees alleged herein were carried out with actual or apparent authority from Defendant Willamette.

47. Defendants offered Plaintiff a position at Defendant Willamette.

48. Plaintiff accepted the offer and commenced and continued employment with Defendant Willamette upon the reasonable expectation that he would receive payment for his work.

49. Defendants breached the terms of their employment contract with Plaintiff when they failed to pay him for all earned wages.

50. As a direct result of Defendants' breach of their employment contract with Plaintiff, Plaintiff suffered direct, indirect, and consequential damages in the amount of $56,350.00, subject to amendment at and before trial to conform with evidence.

### FOURTH CLAIM FOR RELIEF

### Personal Liability for Individual Defendants

**Against Defendants Stapleton, Christian**

51.  Plaintiff realleges and incorporates each paragraph above as though fully set forth herein.

52.  At all times material herein, Defendant Willamette was under the actual control of Defendants Stapleton and Christian (collectively "Principals").

53.  Because of the forgoing conduct, the Court should hold Principals individually liable for all claims set forth by Plaintiff in this Complaint and for any debts or judgements that result from those claims.

54.  Plaintiff's inability to collect from Defendant Willamette is a result of improper conduct on the part of Principals:

    a. Operational control of Defendant Willamette, particularly as it relates to involvement in the supervision and payment of employees. Accordingly, Principals may be jointly and severally liable under the FLSA for Plaintiff's unpaid wages;

    b. Undercapitalization of Defendant Willamette;

    c. Failure to adhere to corporate formalities, including, but not limited to, failure to maintain financial records and failure to abide by statutorily prescribed disillusionment procedures;

    d. Concealment of their disposal of Defendant Willamette, after threat of suit, with intent to hinder, delay, or defraud Plaintiff's collection on his unpaid wages in violation of ORS 95.230 and ORS 63.641;

  e. Intention to defraud the Oregon Department of Revenue and the Internal Revenue Service of taxes due and owing pursuant to their employment of Plaintiff;

  f. Exercise of inequitable conduct in their control over Defendant Willamette in a manner that deprived Plaintiff of the benefits of his employment contract.

55. Because of the forgoing conduct, the Court should hold Principals individually liable for all claims set forth by Plaintiff in this complaint and for any debts or judgements that result from those claims.

## VI. JURY TRIAL DEMAND

56. Plaintiff demands a jury trial on all claims and issues triable to a jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

  a. Assume jurisdiction over each of the claims set forth herein;

  b. A finding that Defendants violated 29 U.S.C. §§ 206 and 207 and that Plaintiff is therefore entitled to recover unpaid wages plus liquidated damages, as authorized by 29 U.S.C. § 216, in an amount to be determined at trial;

  c. A finding that Defendants violated ORS § 652.140 and that Plaintiff is therefore entitled to a statutory penalty under ORS § 652.150 in an amount to be determined at trial;

    d. A finding that Defendants breached the terms of Plaintiff's employment contract and are therefore liable to Plaintiff for direct, indirect, and consequential damages resulting from breach of contract in the amount to be determined at trial;

    e. A finding that the improper conduct of Defendants Stapleton and Christian resulted in Plaintiff's inability to collected wages owed to him by Defendant Willamette, thereby allowing Plaintiff to pierce the corporate veil to hold Defendants Stapleton and Christian individually liable for his claims;

    f. Pursuant to 29 U.S.C. § 216; ORS §§ 652.200 and 653.055, an award to Plaintiff of attorney fees and costs;

    g. Award pre-judgment and post-judgment interest on all amounts awarded as consistent with applicable law; and

    h. Order all such other relief for Plaintiff as this Court may deem just and proper.

DATED: January 24, 2023                                              KLEIN MUNSINGER LLC

                                                                     By: *s/ Jose Klein*
                                                                           Jose Klein, OSB No. 083845
                                                                           jose@kleinmunsinger.com
                                                                           Damien Munsinger, OSB No. 124022
                                                                           damien@kleinmunsinger.com
                                                                           Attorneys for Plaintiff